[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13721
Non-Argument Calendar

_____

D.C. Docket No. 5:19-cr-00015-JDW-PRL-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,


versus


RAUL ALFARO-MUNIZ,
a.k.a. Raul Alfaro-Munis,
a.k.a. Raul Alfaro,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 4, 2020)

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Raul Alfaro-Muniz appeals his above-guidelines sentence of 24 months' imprisonment for illegal reentry to the United States after previously being deported, excluded, or removed (4 times). He argues that his sentence is substantively unreasonable because the district court failed to consider properly (1) the sentencing recommendations of the PSI and the government, (2) that his prior convictions for illegal reentry did not qualify for sentencing enhancements, and (3) his acceptance of responsibility. He also argues that the district court improperly considered the need for his sentence to serve as a benchmark for future convictions for illegal reentry (remarks we see as based on deterrence). Alfaro-Muniz's sentence is substantively reasonable because it reflects the district court's proper exercise of discretion in weighing a number of mitigating factors against his criminal history, immigration history, and other 18 U.S.C. § 3553(a) factors. For the district court to give substantial weight to Alfaro-Muniz's history was appropriate even though the history did not merit a sentencing enhancement. Moreover, the record does not demonstrate that the district court's decision relied

2

upon an improper sentencing factor.

AFFIRMED.